# SCHIEREN COMPANY v. WHITTEMORE BROTHERS CORPORATION.

---

### TRADEMARKS; SIMILARITY.

The user of the word "Duxbak" as a trademark for paste or liquid dressing for shoes is entitled to registration as against one who adopted the word about the same time as a trademark for dressing for fabrics, including leather belts, but used it on belts treated with the dressing, to distinguish the belts and not the dressing, and occasionally made shipments of barrels of the dressing, with the word stenciled on the barrel heads, to a branch house in Germany, to be used there in finishing and repairing belts.

No. 1123. Patent Appeals. Submitted November 16, 1917. Decided January 7, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference. *Affirmed.*

The facts are stated in the opinion.

*Mr. Fenelon B. Brock* for the appellant.

*Mr. F. F. Crampton* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from the Commissioner of Patents in a trademark interference, in which appellant Charles A. Schieren Company, a New York corporation, appellee Whittemore Brothers Corporation, a Massachusetts corporation, and one Sullivan, were claiming the word "Duxbak" as a trademark for leather dressing.

Sullivan took no part in the case, and has dropped out, this appeal being between the Schieren company and Whittemore Brothers Corporation. The Commissioner awarded registration

to Whittemore Brothers Corporation, from which this appeal was taken.

It appears that appellees have used the mark continuously since February, 1915, and through its predecessor, the Raven Gloss Manufacturing Company, since March, 1908, as a trademark for paste or liquid dressing for shoes. About the same date (1908) the Schieren company alleges that it adopted the word, "Duxbak" as a trademark for dressing for fabrics, including leather belts. While the mark is the same, the controlling feature of the case resides in the distinct character of the goods of the contending parties. As was said by the Assistant Commissioner: "The Schieren company does not deal in leather dressing *per se*, whereas Whittemore Brothers Corporation deals in nothing else." Appellant puts its mark on leather belts treated with its dressing, but the mark is used on the belt, and not to distinguish the dressing. Appellee puts the mark on a dressing for shoes and leather goods, and the mark is used to distinguish the dressing, not the goods on which the dressing is used.

No interstate use of its dressing was shown by appellant, its trade being confined to the goods upon which the dressing was used. It does appear that it shipped about one barrel of the dressing per year, the mark being stenciled on the barrel heads, to a branch house in Germany, for use there in finishing and repairing belts. This, however, does not establish such a use of the mark as the law requires to secure registration. This shipment to Germany amounted only to a transfer of the dressing from one hand to the other. The dressing was not made to be put on the market as such, but to be used as an element in the manufacture of the belts on which the mark was used. The use of the mark as a trademark for belts is not in conflict with the use made by Whittemore Brothers Corporation, but appellant cannot extend the use of a mere element of its manufacture to the damage of appellee or to the confusion of the public.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                              *Affirmed.*